MARY FLAHERTY *vs.* JEREMIAH J. O'CONNOR.

PROVIDENCE—JANUARY 23, 1903.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Trusts. Evidence to Establish.*

To establish a trust in a fund, the evidence must show the trust to be sufficiently definite to be capable of enforcement.

(2) *Gifts. Inter Vivos.*

If the subject of a gift *inter vivos* be delivered to a third person with authority to deliver it to the donee, this depositary, until the authority is executed by an actual delivery to and acceptance by the donee, is the agent of the donor, who may revoke the authority and take back the gift.

ASSUMPSIT.  Heard on petition of plaintiff for new trial, and petition granted.

STINESS, C. J.  The plaintiff received the sum of $439 upon a policy of insurance on the life of a daughter, made payable to the plaintiff.  The plaintiff handed the money over to the defendant, as claimed on her side, to pay the funeral expenses and bills of the daughter, and to return the balance to her.

The defendant claims that she gave the money to him to pay the bills and to use the rest for the interest of the daughter's children.  Before he had completed the payment of the bills the plaintiff demanded the balance in his hands, which he refused to pay to her, and thereupon she brought this suit.  The jury gave a verdict for the defendant.

The plaintiff requested the court to instruct the jury (1) that the plaintiff had the right to revoke the gift at any time up to the time of delivery of the money or the completion of the direction of the plaintiff as to the disposition of the same ; (2) that no trust was created under the circumstances of the transaction ; (3) that to make a gift *inter vivos* there must have been a delivery of the money to the children, and that the defendant's duty was to hand it over to her on demand ; and (4) that the defendant was the agent of the plaintiff, whose agency could be revoked before the completion of what he was called upon to do.  The requests were denied, and exceptions taken.

Nine persons were present when the money was turned over.  Of these, three—the plaintiff, Mr. and Mrs. Maher, the plaintiff's daughter and her husband—testified that the balance was to be returned to the plaintiff with the receipts for bills paid.

The defendant and the other five state the directions differently from the plaintiff's witnesses, and, in most cases, differently from each other.

Gifts may be regarded as of five kinds : (1) absolute to the donee ; (2) to one for delivery to another ; (3) to one as a trustee ; (4) *inter vivos;* and (5) *causa mortis.*

There is no claim in this case that there was an absolute gift to the defendant, nor that there was a gift *causa mortis*.

We will first consider whether it was a gift in trust.

The defendant testified that the words were, as he understood them: "Take that money and pay the bills and use it for the interest of the children." Mrs. Casey states it in the same way. These words would constitute a discretionary trust, but not necessarily for all the children or for any particular child; for the defendant might think that those earning money did not need it, and that "the interests of the children" required its expenditure for the younger ones, who were dependent.

Mr. Quigley's statement was, to "be divided between the young ones and placed to their credit in the bank." This would be a definite trust, if we take "young ones" to mean all the children; but he is the only one who states it in this way.

Mr. Kenney and Miss O'Connor said, "divide the rest with the children." This would be a delivery of the money to the defendant to be delivered to others, the real donees. Mrs. Patnaud said, "pay the bills, and you can do whatever you wish with the rest of it." This would amount to an absolute gift of the balance to the defendant.

From this conflict of testimony among the defendant's own witnesses it does not appear that there is any trust which could be enforced by any one, or more, of the children. A trust should be sufficiently definite to be capable of enforcement. Trusts are passive and active. In a passive or naked trust the trustee simply holds property for another, with no duties to perform. In such a case the law regulates the trust by giving the whole equitable title to the *cestui que trust* and enabling him to call in the legal title. A common illustration of this is the deposit of money in a bank in the name of one as trustee for another.

An active trust is where special and particular duties are pointed out to be performed by the trustee. 1 Perry on Trusts, (5th ed.) § 18 ; Bouv. Law Dict. Tit. Trusts.

The testimony as a whole does not clearly show a case of either one of these classes of trusts.

With no issue to determine the fact or the terms of a trust, the request of the plaintiff to that effect should have been allowed.

(2)    If the defendant has not shown himself to be a trustee, he must have been an agent of the plaintiff. In such cases, before the execution of the agent's authority by delivery, the donor may revoke the authority and resume possession of the property, thus defeating the gift. The right of revocation in a case of agency and a gift *inter vivos* is the same, since a gift is not complete until delivery. In *Sessions* v. *Mosley*, 4 Cush. 87, Shaw, C. J., said: "The difference between a gift *inter vivos* and a gift *causa mortis*, is this : The former is absolute, irrevocable, and complete, whether the donor die or not ; the subject of it must therefore be delivered to the donee or to some other person, with his consent, for his use and must be accepted by him. *Grover* v. *Grover*, 24 Pick. 261. If, therefore, it be delivered to a third person, with authority to deliver it to the donee, this depositary, until the authority is executed by an actual delivery to and acceptance by the donee, is the agent of the donor, who may revoke the authority and take back the gift ; and, therefore, if the delivery do not take place in the donee's lifetime, the authority is revoked by his death ; the property does not pass, but remains in the donor, and goes to his executor or administrator." See also *Thompson* v. *Dorsey*, 4 Md. Ch. 149 ; *Wells* v. *Collins*, 5 L. R. A. 531 ; *Pearson* v. *Pearson*, 7 Johns. (N. Y.) 26 ; *Dickeschied* v. *Exchange Bank*, 28 W. Va. 340. In this last case the court corrects an apparent misprint in the above quotation from *Sessions* v. *Mosley* by saying : "If the delivery does not take place during the *donor's* lifetime, the authority is revoked by *his* death, the property does not pass but remains in the donor and goes to his executor or administrator."

A gift *causa mortis* is not intended to take effect until after death of the donor.

There having been no delivery in this case to any one, prior to the demand by the plaintiff, the gift was not complete, and

she had the right to revoke it.    *Woonsocket Institution* v.
*Heffernan,* 20 R. I. 308.

New trial granted.

*C. J. Farnsworth and Joseph A. Hughes,* for plaintiff.
*Charles E. Gorman,* for defendant.